Todd C. Tucci (ISB 6526)
Laurence J. ("Liard") Lucas (ISB 4733)
Advocates for the West
P.O. Box 1612
Boise, ID 83701
208-724-2142
ttucci@advocateswest.org
llucas@advocateswest.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADVOCATES FOR THE WEST, ) | |
| ) | No. 17-CV-423 |
| *Plaintiff*, ) | |
| ) | **COMPLAINT** |
| v.  ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, a Department of the United ) | |
| States, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by Defendant United States Department of Justice regarding presidential authority to revoke or modify national monuments designated by prior presidents.

2. Nearly every United States President since President Theodore Roosevelt has used his authority under the Antiquities Act of 1906 to designate new national monuments and protect the crown jewels of the American experience, including the Grand Canyon, Devils Tower, Giant Sequoia, and Craters of the Moon, among others. President Trump appears poised to undo this progress and has targeted 27 national

COMPLAINT — 1

monuments for revocation, shrinking, or otherwise weakening protections. *See* Exec. Order No. 13,792, 82 Fed. Reg. 20,429 (Apr. 26, 2017). No other president has attempted to revoke or modify an existing monument designation, and the current administration has provided no legal authority for doing so.

3. On February 6, 2017, Plaintiff Advocates for the West (Advocates), a non-profit law firm headquartered in Idaho, submitted a FOIA request to the Office of Legal Counsel (OLC), a component of the U.S. Department of Justice (DOJ), seeking any OLC "final legal advice" relating to the president's authority to designate, withdraw, expand, or modify national monuments under the Antiquities Act.

4. Advocates requested these documents to further our mission of informing ourselves, our clients, and the public about federal public land management. National monuments are the subject of national debate, and DOJ's final legal advice is the only means by which Advocates and the public can understand the executive branch's policies and legal interpretations regarding national monuments and the Antiquities Act.

5. In contravention of FOIA's clear transparency mandate and DOJ's own best practices, DOJ withheld twelve documents that were responsive to Advocates' request and failed to provide any legally sufficient description of the withheld documents or justification for their withholding. Accordingly, Advocates seeks a court order declaring that DOJ violated FOIA by withholding these public records and directing DOJ to immediately produce the twelve withheld documents.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this

COMPLAINT — 2

action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as Advocates' principal place of business is in the District of Idaho.

8. Advocates submitted a timely administrative appeal, as required by 28 C.F.R. § 16.8(e).

## PARTIES

9. Plaintiff is a public interest, non-profit environmental law firm headquartered in Boise, Idaho, with offices in Portland, Oregon and Washington, D.C. Advocates' mission is to defend western public lands, waterways, and wildlife, on behalf of conservation groups and concerned citizens. Advocates is particularly interested in gathering information to inform itself, its clients, and the public about national monuments and the Antiquities Act.

10. Advocates educates the general public about the natural wonders of the West, and about land, resource, and wildlife decisions made by government, private, and other entities that affect the natural environment and wildlife. Advocates is effective at increasing public awareness of environmental matters, such as protection of national monuments and other special management areas, through public education and outreach, including through its routine dissemination of materials through its website (advocateswest.org), as well as its Facebook page; its semi-annual report entitled, Case Notes; and its routine and regular email correspondence with supporters.

COMPLAINT — 3

11.     Advocates may bring this claim because its request for specific public records was denied. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006).

12.     Defendant DOJ, a department of the United States, includes the Office of Legal Counsel (OLC). OLC's primary function is to provide final legal analysis and advice to the executive branch, including reviewing and approving executive orders as to form and legality. *See* 28 C.F.R. § .25(b).

## STATUTORY BACKGROUND

13.     FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "Each agency, upon any request for records . . . shall make the records promptly available to any person." *Id.*, § 552(a)(3). Additionally, agencies have an affirmative duty to make available "statements of policy and interpretations which have been adopted by the agency . . . ." *Id.*, § 552(a)(2)(B).

14.     "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. *Id.*, § 552(a)(6)(A).

15.     An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. Exemption Five permits withholding of "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency," *id.,* § 552(b)(5), *i.e.*, privileged documents. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 (1975).

16.     If an agency withholds documents, it must provide a "*Vaughn* Index" that adequately identifies the specific documents withheld. *See Vaughn v. Rosen*, 484 F.2d

COMPLAINT — 4

820, 827 (D.C. Cir. 1973). "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987). *See Wiener v. FBI,* 943 F.2d 972, 978 (9th Cir. 1991) (requiring a *Vaughn* Index and finding it inadequate); *Andrus v. United States Dep't of Energy,* 200 F. Supp. 3d 1093, 1105 (D. Idaho 2016) (same).

17. A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

18. On February 6, 2017, Advocates submitted a FOIA request to OLC. Advocates requested specific documents relating to the designation or modification of national monuments and to the president's authority under the Antiquities Act and the Outer Continental Shelf Lands Act. On March 3, 2017, Advocates narrowed the request by excluding records relating to the Outer Continental Shelf Lands Act; limiting its request to "final legal advice" within DOJ's database; and, regarding the president's authority, requesting only documents related to shrinking or de-designating national monuments.

19. DOJ was required by FOIA to respond to Advocates' FOIA request by March 7, 2017. On five separate occasions—March 17, March 24, March 30, April 12,

COMPLAINT — 5

and May 3, 2017—Advocates requested an update from DOJ on Advocates' FOIA request. DOJ failed to respond to Advocates' FOIA request within the timeframe prescribed by law. Moreover, DOJ failed to provide a definitive update to Advocates, or, on multiple occasions, any response at all.

20. More than two months late, on May 9, 2017, DOJ finally responded to Advocates' FOIA request by disclosing approximately 65 pages of responsive documents. However, DOJ withheld twelve documents – including 10 final form and legality memos and two memos recording oral advice – under FOIA Exemption Five, 5 U.S.C. § 552(b)(5), claiming only that these documents were "protected by the deliberative process, attorney-client, and presidential communications privileges." DOJ failed to identify the withheld documents and also failed to provide any additional information about the documents.

21. On May 26, 2017, DOJ responded to Advocates' request for additional information on the withheld documents. Via email, DOJ provided only the dates it prepared the ten final legal memoranda, and the year it prepared two other memoranda recording oral advice. In this final disclosure, DOJ refused to provide even the most basic information on these withheld memoranda. To date, DOJ has never provided the title, author, sender or recipient, or any other information on the twelve withheld documents. DOJ has similarly refused to disclose the subject or substance of the memoranda and has never identified which national monuments are at issue in the withheld final legal memoranda.

22. On July 17, 2017, Advocates timely filed an administrative appeal with the DOJ seeking production of the twelve legal memoranda. Advocates' administrative

appeal showed that OLC provided a legally insufficient description of the withheld documents and a legally insufficient justification for their withholding, and that OLC otherwise improperly invoked Exemption Five of FOIA.

23. On August 22, 2017, DOJ denied the appeal, including the request to itemize the withheld documents and specific justifications for each withholding. DOJ's response to the appeal suffers from the same deficiencies as the agency's response to the original FOIA request. DOJ continues to unlawfully withhold twelve documents and refuses to provide legally sufficient descriptions or justifications.

### CLAIM FOR RELIEF:
### Unlawful Invocation of FOIA Exemption Five

24. Plaintiff realleges and incorporates by reference the preceding paragraphs.

25. Based on the above facts and legal obligations, DOJ unlawfully invoked FOIA Exemption Five, 5 U.S.C. § 552(b)(5), to justify its refusal to release public information pursuant to Advocates' FOIA request.

26. DOJ's unlawful withholding of public documents violates FOIA, 5 U.S.C. § 552(a), and has deprived Advocates of its right to public documents in DOJ's possession.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

Plaintiff Advocates for the West respectfully requests that the Court grant the following relief:

A. Declare that Defendant Department of Justice violated FOIA by unlawfully invoking FOIA Exemption Five, 5 U.S.C. § 552(b)(5), to justify withholding documents responsive to Plaintiff's FOIA request;

COMPLAINT — 7

  B. Order that Defendant DOJ immediately provide Plaintiff with unredacted copies of all responsive records, free of charge;

  C. Award Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

  D. Provide such other relief as the Court deems just and proper.

Dated: October 12, 2017      Respectfully submitted,

              */s/ Todd C. Tucci*
              Todd C. Tucci
              Lawrence J. ("Laird") Lucas
              ADVOCATES FOR THE WEST
              P.O. Box 1612
              Boise, ID 83702
              (208) 724-2142
              ttucci@advocateswest.org
              llucas@advocateswest.org